UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

06-61559-CIV-COHN   MAGISTRATE JUDGE

FILED by _____

OCT 1 : 2006

CLERK U.S. DIST. CT.
S.D. ... FL.

UNITED STATES OF AMERICA

      Plaintiff,

vs.

THE PERCENTAGE INTERESTS OF RODRIGO
JOSE MURILLO AND LILIAN MORALES IN
FIVE POLICIES, BANNER LIFE INSURANCE
COMPANY POLICY NO. 17B356268, FORMERLY
17B110515; UNITED OF OMAHA LIFE
INSURANCE COMPANY, POLICY NO.
BU1061419; EMPIRE GENERAL LIFE
ASSURANCE CORPORATION POLICY NO.
00094161; REASSURE AMERICA LIFE
INSURANCE COMPANY POLICY NO. UA9261; AND
NEW YORK LIFE INSURANCE COMPANY POLICY
NO. 46275608, INCLUDING ALL PRESENT AND
FUTURE DEATH BENEFITS AND THE PRORATA
SHARE OF ANY AND ALL ACCRUED INTEREST,

      Defendants.

_____/

### COMPLAINT FOR FORFEITURE *IN REM*

    Plaintiff, United States of America, files this civil action

for forfeiture in rem of the defendants and alleges as follows:

    1.   This is a civil action for forfeiture in rem of the

percentage interests of Rodrigo Jose Murillo and Lilian Morales in

five policies: Banner Life Insurance Company Policy No. 17B356268,

Formerly 17B110515; United of Omaha Life Insurance Company, Policy

No. BU1061419; Empire General Life Assurance Corporation Policy No. 00094161; Reassure America Life Insurance Company Policy No. UA9261; and New York Life Insurance Company Policy No. 46275608, including all present and future death benefits and prorata share of any and all accrued interest. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1345, 1355, and 2461.

2. The Court has venue pursuant to 28 U.S.C. § 1355(b) and (d), in that the acts or omissions giving rise to the forfeiture occurred within the Southern District of Florida and the action accrued in the Southern District of Florida.

3. The defendants consist of the following: the percentage interests of Rodrigo Jose Murillo and Lilian Morales in five policies: Banner Life Insurance Company Policy No. 17B356268, formerly 17B110515; United of Omaha Life Insurance Company, Policy No. BU1061419; Empire General Life Assurance Corporation Policy No. 00094161; Reassure America Life Insurance Company Policy No. UA9261; and New York Life Insurance Company Policy No. 46275608, including all present and future death benefits and prorata share of any and all accrued interest ("Defendants"). The defendants will be seized on land.

4. The United States seeks forfeiture of the defendants pursuant to 18 U.S.C. § 981(a)(1) on the grounds that the defendants are property involved in transactions or attempted transactions in violation of 18 U.S.C. §§ 1956, 1957 or property

2

traceable to such property.

5. Title 18 United States Code, Section 1956 provides in pertinent part:

> (a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity -
>   (A)(i) with the intent to promote the carrying on of specified unlawful activity; or ...
>   (B) knowing that the transaction is designed in whole or in part -
>    (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity...
> shall be sentenced to a fine of not more than $500,000.00 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both.

6. Title 18, United States Code, Section 1957 provides in pertinent part:

> (a) Whoever, in any of the circumstances set forth in subsection (d), knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished as provided in subsection (b).
>     ***
> (d) the circumstances referred to in subsection (a) are-
> (1) that the offense under this section takes place in the United States or in the special maritime and territorial jurisdiction of the United States.

7. "Criminally derived property" is defined in 18 U.S.C. § 1957(f)(2) as "any property constituting, or derived from, proceeds obtained from a criminal offense."

8. "Specified unlawful activity" is defined in 18 U.S.C. § 1956(c)(7), and the term includes any act or activity constituting

3

an offense under 18 U.S.C. § 1961(1). Section 1961(1) lists as an offense, the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in narcotic or other dangerous drugs, punishable under any law of the United States.

9.     The United States seeks forfeiture of the defendants pursuant to 21 U.S.C. § 881(a)(6) on the grounds that the defendants are "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or...proceeds traceable to such an exchange."

**FACTUAL ALLEGATIONS**

10.     Paragraphs 1 through 9 are realleged herein.

11.     For a number of years, agents of Immigration and Customs Enforcement ("ICE") have been working with the Colombian Departamento Administrativo De Seguridad and Her Majesty's Customs and Excise Service in Great Britain in a joint investigation involving the narcotics trafficking and money laundering activities of Colombian narcotics cartels. The investigation has revealed that the Colombian narcotics cartels have been hiding and laundering narcotics proceeds through investment accounts and life insurance policies purchased in the United States and elsewhere.

12.     The accounts and policies are funded by narcotics proceeds. The narcotics proceeds are forwarded to the insurance

4

companies through third party checks, checks without remitters, money orders, and wire transfers. The monetary instruments are frequently sent from outside of the United States and deposited into accounts in the United States.

13. On December 5, 2000, Rodrigo Jose Murillo ("Murillo"), Jaime Rey Albornoz ("Albornoz") Arturo Delgado Florez ("Delgado"), and others were indicted in the Southern District of Florida in United States v. Rodrigo Jose Murillo, et al, 02-21007-CR-HUCK. The indictment alleges that Rodrigo Murillo was a transporter and distributor of cocaine from Colombia to the United States by way of Mexico, that Albornoz invested Murillo's proceeds, and that Delgado provided currency exchange services to facilitate the investment of the narcotics proceeds in insurance policies. Murillo, Albornoz, Delgado, and others are charged with conspiracy to money launder narcotics proceeds and money laundering. To date, the defendant Rodrigo Murillo has not been arrested or extradited on this indictment.

14. On January 17, 2003, a superseding indictment was returned against Murillo and others in the Southern District of California in the case of United States v Rodrigo Jose Murillo, et al, 01CR1652 JM. The superseding indictment charged Murillo and others in count 1 with conspiracy to possess with intent to distribute multi-ton loads of cocaine from 1996 through December 2001 on board a vessel and in count 2 with possession with intent to distribute on or about May 3, 2001, 9,264 kilograms of cocaine on board a vessel. Murillo was extradited from Colombia to

5

California. On June 21, 2005, Murillo pled guilty to count 1 of the superseding indictment.

15. Mutual Benefits Corporation ("MBC") is a Florida corporation that was incorporated in October 1994 and operated out of Fort Lauderdale, Florida. MBC held itself out as a company that purchased and solicited investors to purchase viatical policies and other insurance contracts.

16. A viatical settlement is the sale of life insurance benefits from a terminally ill person to a third party. The policyholder sells the policy and receives a percentage of the policy's face value. An investor continues to pay the premiums and collects the death benefit when the original policyholder dies.

17. One of the ways that MBC operated was through independent sales agents. Albornoz was a sales agent for MBC in Colombia.

18. On November 1, 2002, a federal search warrant was executed at the MBC office in Fort Lauderdale. Documents seized from the premises showed that Albornoz represented MBC in Colombia as one of its salespersons. Albornoz sold MBC viatical policies to investors, including Murillo, and received commissions.

19. Senior Forensic Accountant Cira Villazon, a member of the Task Force, reviewed MBC bank records. The records showed funding sources for numerous financial transactions made by Albornoz into The Brinkley McNerney et al MBC Purchaser Escrow Account and Morgan Stanley Dean Witter Trust Custodian The Brinkley McNerney Escrow Account.

20. Agents for ICE also seized documents pursuant to the

search warrant which related to the purchase through MBC of Banner Life Insurance Company Policy No. 17B356268, formerly 17B110515; United of Omaha Life Insurance Company, Policy No. BU1061419; Empire General Life Assurance Corporation Policy No. 00094161; Reassure America Life Insurance Company Policy No. UA9261, which was formerly The Midland Life Insurance Company Policy No. UA9261; and New York Life Insurance Company Policy No. 46275608.    In addition, counsel for MBC provided documentation pertaining to the policies.   These documents were reviewed by members of the Task Force.

21.   The documents showed that Banner Life Insurance Company Policy No. 17B356268, formerly 17B110515, was originally issued to H.R.   The policy was dated December 1, 1999 and had an initial face value of $125,000.00 United States dollars ("USD").   The policy was then sold for $78,125.00 USD.   Five investors contributed to the purchase of the policy.

22.   On or about November 20, 2001, Murillo purchased a 58.5128% interest in Banner Life Insurance Company Policy No. 17B356268, formerly 17B110515, for $45,713.00 U.S. Dollars. Murillo was one of the 5 investors.   The new owner was listed as Anthony M. Livoti, Jr. P.A., with death benefits in the amount of $73,141.00 USD to be paid to Lilian Morales and Rodrigo J. Murillo, JTROS.   Lilian Morales ("Morales") is the wife of Murillo.   Morales is also known as Lilian Morales-Murillo and Lylian Morales.

23.   The documents showed that United of Omaha Life Insurance Company Policy No. BU1061419 was originally issued to W.L.   The

7

policy was dated November 2, 1998 and had an initial face value of $2,000,000.00 USD. The policy was sold on or about November 20, 2001, and Murillo purchased a 100% interest in United of Omaha Life Insurance Company Policy No. BU1061419 for $1,250,000.00 USD. The new owner was listed as Anthony M. Livoti, Jr. P.A., with death benefits in the amount of $2,000,000.00 to be paid to Lylian Morales and Rodrigo J. Murillo, JTROS.

24. The documents showed that Empire General Life Assurance Corporation Policy No. 00094161 was originally issued to W.L. The policy was dated September 4, 1998 and had an initial face value of $1,000,000.00 USD. The policy was then sold for $625,000.00 USD. Twelve investors contributed to the purchase of the policy.

25. On or about November 20, 2001, Murillo purchased a 32.6859% interest in Empire General Life Assurance Corporation Policy No. 00094161 for $204,287.00 USD. Murillo was one of the twelve investors. The new owner was listed as Anthony M. Livoti, P.A. with death benefits in the amount of $326,859.00 USD to be paid to Lylian Morales and Rodrigo J. Murillo, JTROS.

26. The documents showed that Reassure America Life Insurance Company Policy No. UA9261 was originally issued to N.T. under Midland Life Insurance Company Policy No. UA9261. The policy was dated November 3, 1999 and had an initial face value of $1,500,000.00 USD. The policy was then sold for $1,056,338.00 USD. Thirty-five investors contributed to the purchase of the policy.

27. On or about November 20, 2001, Murillo purchased an 18.8033% interest in the policy. Murillo was one of the thirty-

five investors. The new owner was listed as Anthony M. Livoti, Jr. P.A., with death benefits in the amount of $282,050.00 USD to be paid to Lilian Morales and Rodrigo J. Murillo, JTROS. Due to a subsequent change in the policy, the death benefits to be paid to Lilian Morales and Rodrigo J. Murillo, JTROS, were changed to $278,446.46.

28. The documents showed that New York Life Insurance Company Policy No. 46275608 was originally issued to R.M.W. The policy was dated June 8, 1998 and had an initial face value of $5,000,000.00. The policy was then sold for $3,521,127.00. One hundred thirty-one investors contributed to the purchase of the policy.

29. On or about August 3, 2001, Murillo purchased a 14.20% interest in New York Life Insurance Company Policy No. 46275608 for $500,000.00 USD. Murillo was one of the 131 investors. The new owner was listed as Anthony M. Livoti, Jr. P.A., with death benefits in the amount of $710,000.00 USD to be paid to Lylian Morales and Rodrigo J. Murillo, JTROS.

30. From on or about October 22, 2001, to on or about November 20, 2001, Murillo purchased through MBC an interest in five (5) insurance policies through twenty-one (21) transactions totaling $1,960,000.00 United States Dollars ("USD"). A review of MBC records shows that the 21 transactions came from twelve different sources and were used to purchase the following five policies:

        a. Conseco Life Insurance Policy No. 1090213421

purchased for $261,373.00.

b. Banner Life Insurance Company Policy No. 17B110515, now 17B356268, purchased for $45,713.00 USD, the subject of this complaint.

c. Midland Life Insurance Company Policy No. UA9261, now Reassure America Life Insurance Company, purchased for $198,627.00 USD, the subject of this complaint.

d. United of Omaha Life Insurance Company Policy No. BU1061419 purchased for $1,250,000.00 USD, the subject of this complaint.

e. Empire General Life Assurance Corporation Policy No. 00094161 purchased for $204,287.00 USD, the subject of this complaint.

31. The purchases of the five policies identified in paragraph 30 were funded by third parties or through third party accounts as follows:

a. Transaction 1 from Sun City Group LLC: On November 8, 2001, one wire transfer for a total of $200,000.00 USD from JSC Aizkraukles Banka in Riga, Latvia to Morgan Stanley Dean Witter Trust Custodian The Brinkley McNerney Escrow Account in New Jersey.

b. Transaction 2-4 from Sun City Group LLC: From October 31, 2001 to November 15, 2001, three wire transfers for a total of $554,000.00 USD from JSC Aizkraukles Banka in Riga, Latvia to Brinkley McNerney, et al, MBC Purchaser Bank of America escrow account number xxxxxxxx4995. The Bank of America branch is located

10

in Fort Lauderdale, Broward County, Florida.

c. Transaction 5 from Ana Luisa Melendez Perez, in Mexico: On or about November 2, 2001, one wire transfer for $90,000.00 USD from American Express Bank Ltd in New York to Brinkley McNerney et al, MBC Purchaser Bank of America escrow account number xxxxxxxx4995.

d. Transaction 6-8 from Ana Luisa Melendez Perez, in Mexico: From November 5, 2001 to November 6, 2001, three wire transfers for a total of $125,500.00 USD from Consultoria Internacional SA de CV in Mexico to Brinkley McNerney, et al, MBC Purchaser Bank of America escrow account number xxxxxxxx4995.

e. Transaction 9 from Hector Hugo Hernandez Moctezuma in Mexico: On October 30, 2001, one wire transfer for a total of $14,187.20 USD from Banco Internacional SA in Mexico, to Brinkley McNerney, et al, MBC Purchaser Bank of America escrow account number xxxxxxxx4995. Of the $14,187.20, $13,459.70 USD was applied to Murillo's five investment policies, the remaining balance was applied to another investor's policy.

f. Transaction 10 and 11 from Hector Hugo Hernandez Moctezuma, in Mexico: On November 7, 2001 and November 9, 2001, two wire transfers for a total of $134,840.00 USD from Laredo National Bank in Texas to Brinkley McNerney, et al, MBC Purchaser Bank of America escrow account number xxxxxxxx4995.

g. Transaction 12 and 13 from Hector Hugo Hernandez Moctezuma: On November 8, 2001 and November 19, 2001, two wire

11

transfers for a total of $111,520.00 USD from Banco Internacional S.N.C. in Mexico to Brinkley McNerney, et al, MBC Purchaser Bank of America escrow account number xxxxxxxx4995.

h.      Transaction 14 from Monex, SA de CV Ruben Barquero Diaz Barriga: On October 22, 2001, one wire transfer for a total of $100,000.00 USD from Monex SA de CV to Brinkley McNerney, et al, MBC Purchaser Bank of America escrow account number xxxxxxxx4995. Of the $100,000.00 only $26,292.00 USD was applied to Murillo's five investment policies, the remaining balance was applied to another investor's policy.

i.      Transaction 15 from Ricardo Amaya Laporte: On October 22, 2001, one wire transfer for a total of $16,730.30 USD from Citibank NA in New York to Brinkley McNerney, et al, MBC Purchaser Bank of America escrow account number xxxxxxxx4995.

j.      Transaction 16 from an Internal Revenue Service undercover operation set up to launder narcotics proceeds: On October 24, 2001, one wire transfer for a total of $136,518.00 USD from SunTrust Bank in Miami, FL to Brinkley McNerney, et al, MBC Purchaser Bank of America escrow account number xxxxxxxx4995.

k.      Transaction 17 from Nepesha Abijan Gonzalez Plata Casta: On November 8, 2001, one wire transfer for a total of $78,320.00 USD from Banco Internacional S.N.C. in Mexico to Brinkley McNerney, et al, MBC Purchaser Bank of America escrow account number xxxxxxxx4995.

l.      Transaction 18 from Escor Chemical SA de CV in Mexico: On November 9, 2001, one wire transfer for a total of

12

$150,000.00 USD from Casa de Cambio Intercontinental in Mexico to Brinkley McNerney, et al, MBC Purchaser Bank of America escrow account number xxxxxxxx4995.

      m.    Transaction 19 from Nasa Neumatica SA de CV: On November 14, 2001, one wire transfer for a total of $150,000.00 USD from Casa de Cambio Monex SA de CV in Mexico to Brinkley McNerney, et al, MBC Purchaser Bank of America escrow account number xxxxxxxx4995.

      n.    Transaction 20 from a United States Customs Service Undercover Operation set up to launder narcotics proceeds: On November 16, 2001, one wire transfer for a total of $100,000.00 USD from HSBC Bank USA in New York to Brinkley McNerney, et al, MBC Purchaser Bank of America escrow account number xxxxxxxx4995.

      o.    Transaction 21 from Comercio Internacional: On November 21, 2001, one wire transfer for a total of $94,680.00 USD from Casa de Cambio Intercontinental in Mexico to Brinkley McNerney, et al, MBC Purchaser Bank of America escrow account number xxxxxxxx4995. Of the $94,680.00, $72,820.00 USD was applied to Murillo's five investment policies, the remaining balance was applied to another investor's policy.

    32.    From on or about July 23, 2001, to on or about August 3, 2001, Murillo purchased through MBC an interest in New York Life Insurance Company Policy No. 46275608 through five (5) transactions totaling $500,000.00 USD. A review of MBC records shows that 5 transactions came from two different sources and were used to purchase the policy. New York Life Insurance Company Policy No.

13

46275608 is the subject of this complaint.

33.   The purchase of New York Life Insurance Policy No. 46275608 was funded by third parties or through third party accounts as follows:

a.   Transaction 1-3 from Guillermo Ernesto Guajardo Cerna: On July 23, 2001 and July 26, 2001, three wire transfers for a total of $250,000.00 USD from Casa de Cambio Tiber SA de CV in Mexico to Brinkley McNerney et al, MBC Purchaser Bank of America escrow account number xxxxxxx4995.

b.   Transaction 4-5 from Ontario Impex LLC: On July 24, 2001 and August 1, 2001, two wire transfers for a total of $250,000.00 USD from JSC Aizkraukles Banka in Riga, Latvia to Brinkley McNerney et al, MBC Purchaser Bank of America escrow account number xxxxxxx4995.

34.   This pattern of wire transfers and deposits from numerous seemingly unrelated third parties from various location all over the world is consistent with money laundering activities.

35.   On September 20, 2006, Rodrigo Jose Murillo signed a consent to forfeiture consenting to the forfeiture of his interest in any and all proceeds from the policies that are the subject of this complaint as well as numerous other policies.  A certified copy of the consent to forfeiture is attached as Exhibit A.

### FIRST CLAIM FOR FORFEITURE

36.   The United States repeats and realleges each and every allegation set forth in paragraphs 1 through 35.

37.   The defendants relate to the concealment and laundering

14

of narcotics proceeds in violation of 18 U.S.C. § 1956. Therefore, the defendants are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## SECOND CLAIM FOR FORFEITURE

38. The United States repeats and realleges each and every allegation set forth in paragraphs 1 through 35.

39. The defendants constitute criminally derived property, that is property derived from narcotics trafficking, exceed $10,000.00 and were involved in a monetary transaction in violation of 18 U.S.C. § 1957. Therefore, the defendants are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## THIRD CLAIM FOR FORFEITURE

40. The United States repeats and realleges each and every allegation set forth in paragraphs 1-35.

41. The defendants are proceeds traceable to exchanges of controlled substances in violation of 21 U.S.C. §§ 841 and 846. Therefore, the defendants are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## CONCLUSION

By reason of the foregoing, and pursuant to the provisions of Title 18, United States Code, Section 981, and Title 21, United States Code, Section 881, the defendants, the percentage interests of Rodrigo Jose Murillo and Lilian Morales in five policies: Banner Life Insurance Company Policy No. 17B356268, formerly 17B110515; United of Omaha Life Insurance Company, Policy No. BU1061419; Empire General Life Assurance Corporation Policy No. 00094161;

15

Reassure America Life Insurance Company Policy No. UA9261; and New York Life Insurance Company Policy No. 46275608, including all present and future death benefits and prorata share of any and all accrued interest, as described have become and are forfeit to the United States of America.

**WHEREFORE**, plaintiff, United States of America, requests the Court to declare the defendants condemned and forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981, and Title 21, United States Code, Section 881, and further requests the Court to direct any and all persons having any claim to the defendants, to file and serve their verified claims and answers as required by Title 18, United States Code, Section 983(a)(4) and the Supplemental Rules for Certain Admiralty and Maritime Claims, or suffer default thereof, together with such other and further relief as may be just.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

BY:
ANTONIA J. BARNES
Assistant U.S. Attorney
500 S. Australian Avenue
Ste. 400
West Palm Beach FL 33401-6235
Tel: (561) 820-8711
Fax. (561) 655-9785
Fla. Bar No. 261777

## VERIFICATION

I, Zuly McGarrity, Special Agent for Immigration and Customs

16

Enforcement, declare under penalty of perjury as provided by 28 U.S.C. §1746, that the foregoing Complaint for Forfeiture In Rem is based on information known to me, and the facts alleged therein are true and correct to the best of my knowledge.

SPECIAL AGENT ZULY MCGARRITY
IMMIGRATION AND CUSTOMS ENFORCEMENT

DATE: _October 6th, 2006_

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61378-CIV-UNGARO-BENAGES/O'SULLIVAN

UNITED STATES OF AMERICA

     Plaintiff,

vs.

THREE HUNDRED SEVENTY-ONE
THOUSAND AND ONE HUNDRED AND
FIFTY DOLLARS ($371,150.00)
IN PROCEEDS AND TWELVE
THOUSAND EIGHT HUNDRED AND
EIGHTY-NINE DOLLARS AND FOUR
CENTS ($12,889.04) IN INTEREST
FROM CONSECO LIFE INSURANCE
POLICY NO. 1090213421,

     Defendant.

_____/

## UNITED STATES' NOTICE OF FILING CONSENT TO FORFEITURE SIGNED BY RODRIGO MURILLO

Plaintiff, United States of America, files this notice of filing the original Consent to Forfeiture signed by Rodrigo Murillo on September 20, 2006, forfeiting his interest in the defendant, three hundred seventy-one thousand and one hundred and fifty dollars ($371,150.00) in proceeds and twelve thousand eight hundred and eighty-nine dollars and four cents (12,889.04) in interest from Conseco Life Insurance Policy No. 1090213421, as well

1



GOVERNMENT
EXHIBIT
A

as his interest in any proceeds from fourteen other life insurance policies.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By: _Antonia J. Barnes_
ANTONIA J. BARNES
Assistant U.S. Attorney
U.S. Attorney's Office
Asset Forfeiture Division
500 S. Australian Ave.
Ste. 400
West Palm Beach, FL 33401
Tel: (561) 820-8711
Fax: (561) 655-9785
Fla. Bar No. 261777
Date: 9/25/06

Certified to be a true and
correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
By _____
Deputy Clerk
Date 9/27/06

2

ICE Case Number: M102BR01MI0135

## CONSENT TO FORFEITURE

The United States of America, by and through the undersigned Assistant U.S. Attorney, and Rodrigo Jose Murillo, hereby stipulate and agree to the following:

1.   Rodrigo Jose Murillo hereby consents to the forfeiture of his interest in any and all proceeds from the following policies to the United States of America ("United States") pursuant to 18 U.S.C. § 981 and/or 21 U.S.C. § 881(a)(6):

a.   Conseco Life Insurance Company Policy No. 1090213421.

b.   New York Life Insurance Company Policy No. 46275608.

c.   Banner Life Insurance Company Policy No. 17B110515.

d.   United Omaha Life Insurance Company Policy No. BU1061419.

e.   Empire General Life Assurance Policy No. 94161.

f.   Midland Life Insurance Company Policy No. UA9261.

g.   Empire General Life Assurance Company Policy No. 66863.

h.   John Alden Life Policy No. UL80054770.

i.   UNUM Life Insurance Company of America Policy No. LPN800681.

j.   The Penn Mutual Life Insurance Company Policy No. 8115987.

k.   Travelers Life & Annuity Company Policy No. 7411324.

l.   Conseco Life Insurance Company Policy No. 1090573943.

m.   Protective Life Insurance Company Policy No. PL0655.

n.   FEGLI Policy No. 249989807/CSA3989535.

o.   Security Life of Denver Insurance Company Policy No. 1543629.

2.    Rodrigo Jose Murillo does not contest the government's assertion that (1) the proceeds are property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and/ 1957 or are property traceable to such property or (2) are proceeds traceable to narcotics violations.    As such, any proceeds from the policies in which Rodrigo Jose Murillo has an interest are subject to forfeiture pursuant to 18 U.S.C. § 981 or 21 U.S.C. § 881(a)(6).

4.    Rodrigo Jose Murillo waives answer and defense of any forfeiture action, judicial or administrative, regarding any proceeds from the policies listed in paragraph 1, waives any requirements to be notified of any forfeiture action against any proceeds from the policies, and relinquishes any and all claims to any interest he has in any proceeds from the policies.

5.    Rodrigo Jose Murillo assigns all his right, title and interest in the proceeds from the policies listed in paragraph 1 to the United States of America.    Furthermore, Rodrigo Jose Murillo agrees to execute any documents necessary to transfer all of his right, title and interest in the proceeds to the United States.

IN WITNESS WHEREOF, the undersigned executed this Consent to Forfeiture in San Diego_____, CALIFORNIA_____ this 20th day of September_____, 2006.

N/A_____
WITNESS
N/A_____
WITNESS

x /_____
    RODRIGO JOSE MURILLO

The foregoing Consent to Forfeiture was acknowledged before me

2

this __20ᵗʰ__ day of __September__ , 2006, by __Rodrigo Jose Murillo__ who is ~~(personally known to me)~~ or has produced (type of identification): __Inmate ID, Inmate Record File__ ), and who ~~(did,~~ did not) take an oath.

_____
NOTARY PUBLIC, STATE OF __CALIFORNIA__

MY COMMISSION EXPIRES ON:    __JULY 30, 2009__



E. DONAHUE
Commission # 1598340
Notary Public - California
San Diego County
My Comm. Expires Jul 30, 2009

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By: _____
ANTONIA J. BARNES
Assistant U.S. Attorney
United States Attorney's Office
500 S. Australian Blvd
Ste. 400
West Palm Beach, FL  33401-6235
Tel: (561) 820-8711
Fax: (561) 655-9785
Fla. Bar #261777
Date: __9/22/06__

3

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

United States of America

06-61559 CIV-C

**DEFENDANTS** THE PERCENTAGE INTERESTS OF RODRIGO JOSE MURILLO AND LILIAN MORALES IN FIVE POLICIES, BANNER LIFE INSURANCE COMPANY POLICY NO. 17B356268, FORMERLY 17B110515; UNITED OF OMAHA LIFE INSURANCE COMPANY, POLICY NO. BU10614419; EMPIRE GENERAL LIFE ASSURANCE CORPORATION POLICY NO. 00094161; REASSURE AMERICA LIFE INSURANCE COMPANY POLICY NO. UA9261; AND NEW YORK LIFE INSURANCE COMPANY POLICY NO. 46275608, INCLUDING ALL PRESENT AND FUTURE DEATH BENEFITS AND THE PRORATA SHARE OF ANY AND ALL ACCRUED INTEREST,

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

U.S. Attorney's Office
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
(561) 820-8711

Attorneys (If Known)

06 CV 61559 OSJ/SS

**(d)** Check County Where Action Arose: ☐ DADE  ☐ MONROE  ☒ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | **PERSONAL PROPERTY** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 370 Other Fraud | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 380 Other Personal Property Damage | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 385 Property Damage Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

18 USC 981(a)(1)(A) and 21 USC 881(a)(6) - money laundering and drug proceeds forfeitures

LENGTH OF TRIAL via _5_ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

U.S. v. Three hundred seventy-one thousand & one hundred fifty dollars, et al.

JUDGE Ungaro-Benages/O'Sullivan   DOCKET NUMBER 06-61378-CIV

DATE 10/10/06

SIGNATURE OF ATTORNEY OF RECORD   Antonia J. Barnes.

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

06-61559 No. CIV-COHN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

THE PERCENTAGE INTERESTS OF RODRIGO
JOSE MURILLO AND LILIAN MORALES IN
FIVE POLICIES, BANNER LIFE INSURANCE
COMPANY POLICY NO. 17B356268, FORMERLY
17B110515; UNITED OF OMAHA LIFE
INSURANCE COMPANY, POLICY NO.
BU1061419; EMPIRE GENERAL LIFE
ASSURANCE CORPORATION POLICY NO.
00094161; REASSURE AMERICA LIFE
INSURANCE COMPANY POLICY NO. UA9261; AND
NEW YORK LIFE INSURANCE COMPANY POLICY
NO. 46275608, INCLUDING ALL PRESENT AND
FUTURE DEATH BENEFITS AND THE PRORATA
SHARE OF ANY AND ALL ACCRUED INTEREST,

    Defendant(s).

_____/

by _____

OCT 1 2006

CLERK U.S. DIST. CT.

### CIVIL COMPLAINT COVER SHEET

1.    Did this case originate from a matter pending in the United
    States Attorney's Office prior to April 1, 2003? __X__ Yes
    _____ No

2.    Did this case originate from a matter pending in the Central
    Region of the United States Attorney's Office prior to April
    1, 1999? _____ Yes __X__ No

3.   Did this case originate from a matter pending in the Northern
     Region of the United States Attorney's Office prior to October
     14, 2003? _____ Yes   __X__ No

                              Respectfully submitted,

                              R. ALEXANDER ACOSTA
                              UNITED STATES ATTORNEY

                    BY:       _Antonia J. Barnes_____
                              ANTONIA J. BARNES
                              ASSISTANT UNITED STATES ATTORNEY
                              Florida Bar # 261777
                              500 S. Australian Avenue, Suite 400
                              West Palm Beach, Florida  33401-6235
                              TEL (561) 820-8711
                              FAX (561) 655-9785

                                        2